*The PRESIDENT
delivered the opinion of the Court.
In the case of Shermer and Shermer’s executors, the court declared their opinion to be, that where the intention of a testator is apparent, cases to over-rule that intention must be strong, uniform, and apply directly to the case before the court, or else they would be disregarded. If in this case, the intention appeared clear, that the leasehold land should pass, the court would give a decision according to this principle, in support of the intention; but we can discover no such intention. The rule is laid down in Rose and* Bartlett, bv all the judges, that where a testator having both freehold and leasehold lands in a particular place, devises all his lands in that place, only the freehold lands shall pass. Subsequent Judges and Chancellors have stated the rule, and uniformly decided accordingly, altho’ in one case, the Chancellor acknowledged, that the testator intended the leasehold land should pass.
Thus settled, it has become a rule of property, which the court cannot depart from, without disturbing perhaps many titles, enjoyed under this long established principle. In this will, there are no words or circumstances, to shew an intention, which do not appear in the case of Rose and Bartlett.
The court are therefore of opinion, that the leasehold land did not pass under the clause in question to the appellee, but is comprehended within the residuarj' clause to the wife and children of the testator, and they reverse the decree, and remit the cause for further proceedings.